## Case No. 7,329.

JOBBINS v. MONTAGUE et al.

[5 Ben. 422;[1] 6 N. B. R. 117.]

District Court, S. D. New York. Dec. 27, 1871.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

W. B. Putney, for the motion.
D. McMahon, opposed.

BLATCHFORD, District Judge. The service of the subpoena in this case on the defendant Montague, in New Jersey, is claimed to be irregular and without force to compel his appearance in the suit on pain of having the bill taken as confessed against him, on the ground that such service was in violation of the provision of the 11th section of the act of September 24, 1789 (1 Stat. 79). That provision is as follows: "No person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." It is contended, on the part of the plaintiff, that this court has power, under the provisions of the 1st and 2d sections of the bankruptcy act of March 2, 1867 (14 Stat. 517), to bring the defendant Montague into this court to answer this bill, by process served upon him in New Jersey.

It is not contended that this court has not jurisdiction of the subject-matter of this suit. It has such jurisdiction by virtue of the 2d section of the bankruptcy act, which declares that this court, being the district court of the district where the proceedings in bankruptcy against Jackson and Brouner are pending, shall have jurisdiction of all suits in equity brought by the assignee in bankruptcy of the bankrupts, against any person claiming an adverse interest touching any property or rights of property of the bankrupts, or either of them, transferable to, or vested in, the assignee. The sole question is as to the jurisdiction of this court over the person of Montague, by means of such service of subpoena as has been made.

That this is a civil suit, and that Montague is an inhabitant of the United States and of the district of New Jersey, and was not an inhabitant of this district, or found in it at the time of serving the subpoena, are facts not disputed. Nor can there, I think, be any doubt, that the subpoena by which this suit is brought is "original process." So far as Montague is concerned, the bill prays for an account of the amount due on the bond and mortgage to him, and for a decree that the plaintiff is entitled to redeem the mortgaged premises on paying to Montague the amount so to be found due, and that Montague shall then deliver up the mortgage to be cancelled, and that all suits and proceedings by Montague, now or hereafter, to foreclose the mortgage, or to sell or obtain possession of the mortgaged property, may be enjoined. This is not a cross-bill, in any sense. Montague has no suit pending in this court. It is an original bill, praying for original relief, and the subpoena issued on it is original process.

That this court, independently of any provision in the bankruptcy act, could not acquire jurisdiction of the person of Montague in this suit, by such service of the subpoena as has been made in this case, is not doubtful. Independently of that act, this court could make effective no service beyond the limits of this district, of process of subpoena, in equity, to appear and answer, issued by it. Toland v. Sprague, 12 Pet. [37 U. S.] 300, 330; Herndon v. Ridgway, 17 How. [58 U. S.] 424, 425; Atkins v. Fibre Disintegrating Co. [Case No. 602].

Does, then, the bankruptcy act make lawful such service of the subpoena to appear and answer as was made in this case? In Toland v. Sprague (before cited) it is said, in reference to circuit courts: "Whatever may be the extent of their jurisdiction over the subject-matter of suits, in respect to persons and property, it can only be exercised within the limits of the district. Congress might have authorized civil process from any circuit court to have run into any state of the Union. It has not done so. It has not, in terms, authorized any original civil process to run into any other district, with the single exception of subpoenas for witnesses, within a limited distance. In regard to final process. there are two cases, and two only, in which writs of execution can now by law be served in any other district than that in which the judgment was rendered; one in favor of private persons. in another district of the same state; and the other in favor of the United States, in any part of the United

States. We think that the opinion of the legislature is thus manifested to be, that the process of a circuit court cannot be served without the district in which it is established, without the special authority of law therefor." These views being founded on the language of the 11th section of the act of 1789, are equally applicable to the service of original process issued by a district court.

The jurisdiction conferred by the second section of the bankruptcy act, on this court, is one over "all suits at law or in equity which may or shall be brought by the assignee in bankruptcy, against any person claiming an adverse interest * * * * touching any property or rights of property of said bankrupt, transferable to, or vested in, such assignee." But, notwithstanding this grant of jurisdiction as to subject-matter, when the suit is brought against a defendant making a particular claim of interest touching certain specified property, it by no means follows that such jurisdiction must not be exercised in subordination to the provisions of the eleventh section of the act of 1789. There is nothing in the second section of the bankruptcy act dispensing with or repealing the provisions of the said eleventh section, and nothing repugnant to or inconsistent with them.

The only other section of the bankruptcy act, which it is supposed authorizes the service of subpoena made in this case, is the first section. But, that section only relates to the powers which this court is to exercise as a court of bankruptcy, in matters and proceedings in bankruptcy. It is now determined by the supreme court (Smith v. Mason, 14 Wall. [81 U. S.] 419), that the general clause in the first section, conferring jurisdiction on the district courts, must be considered in connection with all the other provisions of the act; that the clause, in such first section, specifically enumerating the cases and controversies to which the jurisdiction of said courts shall extend, does not enumerate the "suits at law or in equity" enumerated in the second section; that a cause involving a controversy such as that exhibited by the bill in this suit cannot be commenced by a petition, followed by an order to show cause why the prayer of the petition should not be granted, or be determined in a summary way by the district court sitting in bankruptcy, without due process of law; and that such a controversy falls within the provisions of the second section, and must be determined in a suit in equity or an action at law, as the case may be. In Morgan v. Thornhill, 11 Wall, [78 U. S.] 65, 80, it is said by the supreme court, that the jurisdiction conferred on the district courts by the second section of the bankruptcy act, is of the same character as that conferred on the circuit courts by the eleventh section of the act of 1789; and that the jurisdiction intended to be conferred on the circuit courts, by such second

section, is the regular jurisdiction between party and party, as described in the act of 1789 and the third article of the constitution. The jurisdiction conferred by the second section on the circuit court for the district where the proceedings in bankruptcy are pending, over the suits therein mentioned, is conferred in the same terms in which it is conferred on the district court of the same district. In respect to each court it is an enlargement of its jurisdiction. But for such provision, the circuit court would have no jurisdiction of a suit wherein one of the parties named in the second section is not a citizen of the state where the suit is brought while the adverse party is a citizen of another state; and, but for such provision, the district court would have no jurisdiction of such a suit as is mentioned in the second section. The conferring of the jurisdiction on the two courts concurrently, by the second section, in the same terms, indicates, plainly, that one of them cannot, under authority derived from the provision, exercise such jurisdiction to an extent, or in a manner, different from the other. If, therefore, it can be claimed that this court can make effective such service of process as has been made in this case, it follows that the circuit court for this district, if this bill were pending in that court, could make effective a like service of process. But, it is entirely clear, I think, that the jurisdiction conferred on both courts by the second section of the bankruptcy act, is a regular jurisdiction between party and party, of the same character as that conferred on the circuit courts by the eleventh section of the act of 1789, and is to be pursued, as to forms and modes of process, under the same rules which obtain as to suits brought in the circuit courts in pursuance of such eleventh section. There is nothing in the bankruptcy act indicating an intention on the part of congress that process in the suits specified in the second section of the bankruptcy act shall be served or made effective in any different manner from that required in suits brought in a circuit court under the jurisdiction in "suits of a civil nature at common law or in equity," conferred on such court by the eleventh section of the act of 1789.

It by no means follows, because, in bankruptcy proceedings proper, pending in a district court, a summons or order or notice issued by such court may, in some cases provided for by the act, effectually bind a person on whom it is served, although such service is not made personally at a place within the territorial limits of the district, that original process in the plenary suits mentioned in the second section of the act can be effectively served out of the territorial limits of the court issuing such process. Indeed, the act, in my judgment, clearly indicates, in numerous places, an intention on the part of congress, that service other than

personal intra-territorial service shall be allowed in bankruptcy proceedings proper, while there is not, in the act, any indication of any intention that extra-territorial service shall be allowed in the suits mentioned in the second section of the act.

The views thus suggested are confirmed by the language of general order No. 32, in bankruptcy, prescribed by the supreme court, which provides, that, "in proceedings in equity instituted for the purpose or carrying into effect the provisions of the act, or of enforcing the rights and remedies given by it, the rules of equity practice prescribed by the supreme court of the United States shall be followed, as nearly as may be." One of those rules (rule 15) requires, that the service of all process shall be by the marshal of the district or his deputy, or by some other person specially appointed by the court for that purpose, and not otherwise, while rule 13 requires that the service of a subpoena shall be made by delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling-house or usual place of abode of the defendant. with a member of or a resident in the family. By the 27th section of the judiciary act of 1789, it is made the duty of the marshal of the district to execute "throughout the district" in and for which he is appointed, all lawful precepts directed to him and issued under the authority of the United States. There is nothing in the general orders in bankruptcy, or in the rules in equity prescribed by the supreme court, which authorizes a marshal to serve a subpoena to appear and answer, in an equity suit. at a place outside of the territorial limits of the district for which he is appointed. The service of the subpoena in this case having been irregular, it must be set aside, and so, also, must the service of the injunction.